IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL YON,

      Plaintiff,

v.                                              CA   2:22-cv-1185

NEW YORK LIFE GROUP BENEFIT SOLUTIONS, successor-in-interest to CIGNA,

      Defendant,

## COMPLAINT

AND NOW comes the Plaintiff, CAROL YON, and files this Complaint against NEW YORK LIFE GROUP BENEFIT SOLUTIONS, successor-in-interest to CIGNA averring as follows:

## PARTIES

1. Plaintiff, CAROL YON, is an adult individual residing at 1236 Balmoral Drive Pittsburgh, PA 15237.

2. Defendant, NEW YORK LIFE GROUP BENEFIT SOLUTIONS, successor-in-interest to CIGNA (herein after "New York Life") is an insurance company and benefit management company engaged in interstate commerce throughout the United States including the Commonwealth of Pennsylvania with a principal office located at P.O. Box 29221, Phoenix, AZ 85038-9221.

3. Plaintiff was an employee of the University of Pittsburgh Medical Center and was a beneficiary of the University of Pittsburgh Medical Center's group disability plan.

4.  Cigna was the administrator of the group disability plan for the University of Pittsburgh Medical Center group disability plan.

5.  At all times material hereto, Cigna was acting through its authorized employees and agents working within the course and scope of their employment and/or agency.

6.  In 2021 New York Life acquired Cigna's group life, accident, and disability insurance business.

7.  The acquisition referenced above rendered New York Life the successor-in-interest to any claims for group disability benefits pending at the time of the acquisition.

8.  At all times material hereto, Cigna was acting through its authorized employees and agents working within the course and scope of their employment and/or agency.

9.  At the time of the acquisition referenced above the Plaintiff had a claim appealing the discontinuance of her disability insurance payments pending with Cigna.

**JURISDICTION**

10. Plaintiff brings this action against Defendant New York Life under the provisions of the *Employee Retirement Income Security Act* ("ERISA"), 29 U.S.C.A. §1001 *et seq*.

11. Jurisdiction over Defendants in this case is conferred upon this Court pursuant to ERISA, 29 U.S.C.A. §1132 and pursuant to 28 U.S.C.A. §1331.

## FACTS

12. On February 5, 2018 the Plaintiff stopped working for UPMC due to physical disability caused by cervical spine disease, and began receiving disability benefits through her group disability plan.

13. Commencing on or about February 5, 2018 the Plaintiff began to receive monthly Short Term Disability Benefits.

14. Plaintiff received Short Term Disability Benefits for the maximum period of 26 weeks.

15. Once Plaintiff's Short-Term Disability expired, Plaintiff began to receive Long Term Disability payments under the Group Plan.

16. The definition of disability under the Plan reads:

> An Employee is Disabled if, because of Injury or Sickness, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience

17. On August 6, 2020 Cigna discontinued the disability payments to the Plaintiff claiming that the Plaintiff no longer met the definition of disability under the terms of the Group Disability Plan.

18. Pursuant to the Plan, on September 18, 2020 the Plaintiff filed an internal appeal of the discontinuance of her disability benefits.

19. On March 8, 2021 the Plan upheld its decision to terminate benefits.

20. The decision to terminate the Plaintiff's disability insurance payments was arbitrary and capricious and was therefore a violation of ERISA.

21. The decision violated ERISA by arbitrarily and capriciously failing to take into account the records and the reasoning behind the decision of the Social Security Administration. to find the Plaintiff to be totally disabled.

22. The decision violated ERISA by arbitrarily and capriciously failing to take into account all of the submitted medical records.

23. The decision violated ERISA by arbitrarily and capriciously failing to properly consider the content and import of all of the submitted medical records.

WHEREFORE, the Plaintiff requests the Court:

(a) Order the reinstatement of her monthly Long-Term Disability payments;

(b) Award past due benefits from August 6, 2020 with interest;

(c) Award attorney's fees.

Respectfully submitted,

By:   s/ John Newborg
JOHN NEWBORG, Esquire
Pa. I.D. No. 22276
225 Ross Street, 4th Floor
Pittsburgh, PA 15219
(412) 874-9442
newborglaw@gmail.com